IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KELVIN SCOTT # 357175,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:25-CV-00234 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **CITY OF LEBANON, TENNESSEE,** *et* ) | MAGISTRATE JUDGE |
| *al*., ) | NEWBERN |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kelvin Scott, an inmate of the Trousdale Turner Correctional Complex ("TTCC") in Hartsville, Tennessee, filed a pro se complaint, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also filed an Application for Leave for Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and a Motion to Appoint Counsel (Doc. No. 3).

### I. FILING FEE

The Court must resolve the filing fee before proceeding. By Order entered on March 3, 2025, the Court directed Plaintiff to provide a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). (Doc. No. 7). Plaintiff timely complied. (Doc. No. 8).

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Based on Plaintiff's IFP Application and supporting documents, the Court finds that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

1

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the TTCC to ensure that the custodian of Plaintiff's inmate trust

account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. §§ 1915(e)(2) and 1915A.

A. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not

3

require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. Summary of Facts Alleged by Plaintiff

The allegations of the complaint are assumed true for purposes of the required PLRA screening. The complaint alleges that Plaintiff wrote Sergeant Marsha Endsley, a sentence information officer, regarding Plaintiff's "jail credits on case 18CRS25." (Doc. No. 1 at PageID# 4). Plaintiff conveyed that Sergeant Endsley had erroneously credited him with 55 days instead of the 12 months to which Plaintiff believes he is entitled. Sergeant Endsley refused to change her calculation. According to the complaint, her failure to do so caused Plaintiff to lose custody of his children and violated his due process rights. As relief, Plaintiff seeks $100,000 for "false imprisonment" and punitive damages in the amount of $100,000 because he "can't get custody of [his] kids" and "mental distress." (*Id.*)

C. Analysis

Although Plaintiff does not identify the statute under which he brings this action, he identifies the basis for federal question jurisdiction of his complaint as the Fourteenth Amendment. (*Id.* at PageID# 2). Construing the pro se complaint liberally, it appears Plaintiff is attempting to pursue federal claims for the violation of his Fourteenth Amendment rights by way of 42 U.S.C. § 1983.[1]

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements:

---

[1] There is no indication in the complaint that Plaintiff intended the instant action to pursue habeas relief. Indeed, the complaint reflects that Plaintiff has attempted to pursue habeas relief elsewhere. Plaintiff alleges that he filed "a motion to correct an illegal sentence" in an unspecified court and the "Clerk violated his rights by not filing the motion . . . then addressing the motion so the court wouldn't fix [Plaintiff's] time." (Doc. No. 1 at PageID# 4).

4

(1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

The United States Supreme Court has held that a prisoner in state custody, such as Plaintiff here, cannot use a Section 1983 action to challenge "the fact or duration of his confinement." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). *See also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser*, 411 U.S. at 488-90). Consequently, a Section 1983 action is barred when a state prisoner challenges the fact or duration of his confinement and seeks either "immediate release from prison" or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser*, 411 U.S. at 482). However, regardless of the type of relief sought, if the application of sentence credits would necessarily result in the prisoner's "immediate release from physical custody" or "in shortening the length of [his] actual confinement in prison, habeas corpus [is][the] appropriate remedy." *Preiser*, 411 U.S. at 477.

Applying these principles to the present case, the Court finds that Plaintiff must seek relief through habeas corpus, even though he seeks compensatory and punitive damages (and not release from confinement). His claims for damages are premised upon the assumption that Plaintiff has been incarcerated months longer than he should have been. Success on his claims for damages based on a corrected calculation of his "jail credits" would necessarily "imply the

unlawfulness of the State's custody," *Wilkinson*, 544 U.S. at 81, require a recalculation of his release eligibility date, and shorten his total sentence by a specific number of days. The Court therefore finds, despite Plaintiff's claims for damages only, the relief in this case must be sought under the habeas corpus statutes.[2]

Finally, to the extent the complaint could be construed to allege a state law claim of false imprisonment, 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id*. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id*. at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court.

---

[2] Because Plaintiff is a state prisoner who believes the term of his sentence has expired, he has the ability under Tennessee law to seek a writ of habeas corpus under state law. *See* Tenn. Code Ann. § 29-21-101. The state writ may be available if

> it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (internal quotation marks and citation omitted).

## III. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that Plaintiff's claims regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus. These claims are **DISMISSED WITHOUT PREJUDICE**, should Plaintiff wish to pursue them via the appropriate route. Likewise, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**, should Plaintiff wish to pursue them in state court. The Court makes no representations as to the timeliness or viability of such claims. Accordingly, this action is therefore **DISMISSED**.

Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE